IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge William J. Martínez**

Civil Action No. 11-cv-2303-WJM

ANITRA H. MONTANO,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

      Defendant.

---

## ORDER AFFIRMING ALJ'S DENIAL OF BENEFITS

---

THIS MATTER is before the Court on review of the Commissioner's decision which denied Plaintiff's application for supplemental security income pursuant to the Social Security Act ("the Act"), 42 U.S.C. § 401 *et seq*.  Jurisdiction is proper under 42 U.S.C. § 405(g).  For the reasons set forth below, the Commissioner's decision denying Plaintiff's application for Social Security benefits is AFFIRMED.

## I.  BACKGROUND

Plaintiff Anitra H. Montano ("Plaintiff") was born on February 20, 1987.  (Admin. Record ("AR") p. 28.)  Plaintiff attended school through the ninth grade and was primarily in special education classes.  (*Id*. at 29.)  Plaintiff has no relevant prior work experience but is a single mother to five children under the age of ten.  (*Id*. at 36.)

On January 29, 2009, Plaintiff filed an application for disability benefits alleging disability beginning May 21, 2002.  (AR at 9.)  Plaintiff's claim was heard by the Administrative Law Judge Kathryn D. Burgchardt ("ALJ") on September 29, 2010.  (*Id*.)

Plaintiff and vocational expert Dennis J. Duffin testified at the hearing.  (*Id*.)

On November 22, 2010, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[1]  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 29, 2009. (AR at 11.)  At step two, she found that Plaintiff suffered from the following severe impairments: status post right hip open reduction, headaches, dysthmia, and borderline intellectual functioning.  (*Id*.)  At step three, the ALJ found that Plaintiff's impairments, while severe, did not meet any of the impairments or combination of impairments  listed in the social security regulations.  (*Id*. at 12.)  At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform "light" work as defined by the regulations, including lifting up to 20 pounds occasionally and 10 pounds frequently; sitting, standing, and walking for approximately 6 hours in an 8-hour workday; could perform pushing and pulling motions with upper and lower extremities; could occasionally climb, kneel, or crouch; should avoid unprotected heights and moving machinery; should be restricted to a "clean" work environment, meaning low level of pollutants; and should avoid high concentrated noises.  (*Id*. at 13.)  Given this RFC, at step five, the ALJ found that there were significant numbers of jobs in the national economy that Plaintiff could perform.  (*Id*. at 17.)  Accordingly, the ALJ found that

---

[1]The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy.  *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.)  The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

Plaintiff was not disabled within the meaning of the Act and, thus, not entitled to benefits. (*Id*. at 18.)

The Appeals Council denied Plaintiff's request for review on July 7, 2011. (*Id*. at 1.) Plaintiff then filed this action seeking review of the Commissioner's decision.

## II.  STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*.  "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  Evidence is not substantial if it is overwhelmed by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005).  In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III.  ANALYSIS

On appeal, Plaintiff argues that the ALJ made several errors:

1.      The ALJ did not properly weigh the opinions of Plaintiff's mental impairment;

2.      The ALJ did not properly consider Plaintiff's migraine headaches;

3

3.      The ALJ's RFC does not properly address Plaintiff's mental impairment;

4.      The ALJ did not properly evaluate the examining physician's opinion;

5.      The ALJ's analysis at Step Three was erroneous;

6.      The ALJ did not properly consider Plaintiff's mother's testimony; and

7.      The ALJ failed to properly assess an educational opinion.

The Court will address these arguments below.

**A.      The ALJ's Step Three Analysis**

At Step Three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (AR at 12.)  Plaintiff contends that the ALJ's finding that Listing 12.05(C) did not apply was erroneous.  (Pl.'s Br. at 10.)

To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment.  *See* 20 C.F.R. §§ 404.1525, 416.925 (2006).  Listing 12.05, Mental Retardation, states:

> [m]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22. 20 C.F.R., pt. 404, subpt. P, App. 1, § 12.05 (2006).

This is what is commonly referred to as the "capsule definition" for this listing.  In addition to meeting this capsule definition, a claimant must also meet one of the four severity prongs for mental retardation as listed in the regulations.  Plaintiff contends that she had evidence showing that she satisfied subpart C, which states: "A valid verbal,

4

performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *See* 20 C.F.R., pt. 404, subpt. P, App. 1, § 12.05(C) (2006).

The ALJ found that subpart C did not apply because Plaintiff did not have an IQ score between 60 and 70.  (AR at 12-13.)  Plaintiff contends that this finding was clearly erroneous because an IQ test performed by Jan Dutton, MA, LPC resulted in a score of 68.  (Pl.'s Br. at 10-11.)  While Plaintiff's argument correctly points to a portion of the administrative record, it ignores two other IQ tests which showed that Plaintiff had an IQ in the 70s.  (AR 215-17, 380-82.)  As Defendant points out, the two tests showing an IQ of higher than 70 were performed by licensed psychologists, which are acceptable medical sources, while the one test showing an IQ of lower than 70 was performed by a counselor, which is not an acceptable medical source.  (Def.'s Br. at 14.)  Faced with conflicting evidence regarding Plaintiff's IQ, the ALJ was entitled to credit the two higher test scores over the lower one.  As there is sufficient evidence in the record to support the ALJ's finding that Plaintiff's IQ was not between 60 and 70, the Court cannot conclude that this finding is clearly erroneous.  *See Salazar*, 468 F.3d 621 (district court may not reweigh the evidence).

Accordingly, the Court concludes that Plaintiff has failed to show that the ALJ erred in finding that Plaintiff's impairments did not meet or medically equal any of the listings at Step Three.

## B.    Plaintiff's Mother's Statement

Plaintiff's mother submitted a written statement about how Plaintiff's car accident in 2002 affected her functioning.  (AR 193-95.)  The ALJ stated that she considered this

statement but gave it "little, if any, weight" because Plaintiff's mother has no medical training and because, by virtue of her relationship to Plaintiff, her opinion is likely to be biased.  The ALJ also noted that, "[m]ost importantly", Plaintiff's mother's statement "was simply not consistent with the preponderance of the opinions and observations by medical doctors in this case."  (AR 16-17.)

Plaintiff contends that the ALJ's failure to give any weight to Plaintiff's mother's testimony was error.  (Pl.'s Br. at 23-24.)  Plaintiff contends that there was no evidence showing that her mother was biased.  (*Id.*)  However, assuming this is true, the ALJ gave two additional reasons for why she did not afford Plaintiff's mother's statement much weight.  The ALJ specifically discounted Plaintiff's mother's testimony because it was inconsistent with the medical record and because Plaintiff's mother has no medical training.  These are proper bases for declining to give much weight to testimony.  *See Bussell v. Astrue*, 463 F. App'x 779, 782 (10th Cir. 2012) (affirming ALJ's failure to give controlling weight to treating physician's opinion because it was "inconsistent with other substantial evidence in the record").

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence."  *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990).  Having reviewed the record, the Court finds that there is substantial evidence supporting the ALJ's decision to give little weight to Plaintiff's mother's statement.  Accordingly, the Court rejects Plaintiff's contention that the ALJ erred by failing to give significant weight to Plaintiff's mother's statement.

**C.      Kiki Medina's Statement**

In support of her application for benefits, Plaintiff submitted a statement from Kiki

Medina, the director of the GED program at Otero Junior College.  (AR 196.)  The ALJ

reviewed this statement but gave it no weight because "it was not prepared by an

acceptable source, was inconsistent with the medical evidence, and asserted to

vocational limitations."  (*Id*. at 16.)

Plaintiff contends that the ALJ erred in giving no weight to Ms. Medina's

statement.  (Pl.'s Br. at 38-39.)  Plaintiff admits that Ms. Medina is not an "acceptable

source" but argues that the ALJ's failure to give her opinion any weight on this basis is

nonetheless error.  (*Id*.)  The Court disagrees.  As with Plaintiff's mother's statement,

the ALJ set forth specific reasons for why she did not give weight to Ms. Medina's

statement.  The Court concludes that there is sufficient evidence in the record to

support this finding and, therefore, cannot say that it was clearly erroneous.  *See*

*Nichols v. Astrue*, 341 F. App'x 450, 453-54 (10th Cir. 2009) (so long as ALJ provides

"good reasons for giving little weight to the [non-medical] opinion", there is no error).

**D.      Adequacy of the RFC**

Plaintiff raises two issues with respect to the ALJ's RFC: (1) that it does not

properly account for her headaches; and (2) that it does not properly account for her

mental impairment.

The RFC is an assessment of the most a claimant can do despite his or her

limitations. 20 C.F.R. § 404.1545(a)(1).  The RFC assessment is made by the ALJ

"based on all the relevant evidence in [the claimant's] case record."  *Id.*  Examples of

the types of evidence required to be considered in making an RFC assessment are the claimant's medical history, medical signs and laboratory findings, and medical source statements.  Soc. Sec. Ruling (SSR) 96-8p (July 2, 1996).

Plaintiff contends that the ALJ's RFC does not adequately account for her migraine headaches.  (Pl.'s Br. at 32-34.)  Specifically, Plaintiff argues that despite finding that Plaintiff's headaches are a severe impairment, the ALJ "did not include any headache related limitation in her RFC finding."  (*Id*. at 21.)  The Court disagrees.  The RFC states that Plaintiff "should be restricted to a 'relatively clean' work environment, meaning low levels of pollutants" and that Plaintiff "should avoid high concentrated noise."  (AR 13.)  These restrictions are directly related to evidence in the record showing that exposure to noise, fumes, and odors should be avoided as a headache precaution.  (*Id*. at 345.)  Thus, the Court finds that the ALJ's RFC adequately accounted for Plaintiff's headaches.

Plaintiff also argues that the RFC does not properly account for her mental impairments. Plaintiff contends that, despite giving "great weight" to the opinions of Drs. Hanze and Benson, the ALJ "ignored" some of their recommendations and did not include these limitations in her RFC.  (Pl.'s Br. at 23.)  However, the ALJ did not simply ignore Drs. Hanze and Benson's recommendations.  She noted that the more marked limitations expressed by these physicians were inconsistent with the fact that Plaintiff lives independently and raises five small children on her own.  (AR at 15-16.)  The Court finds that there is sufficient evidence in the record for discounting the more significant limitations contained in Drs. Hanze and Benson's opinions.  Therefore, the failure to credit these opinions was not error.  *See Qualls v. Apfel*, 206 F.3d 1368, 1372

8

(10th Cir. 2000) (In fashioning an RFC, an ALJ is only required to include limitations that are supported by the record).

Plaintiff next contends that the ALJ's RFC failed to account entirely for her mental impairments.  (Pl.'s Reply Br. at 19.)  The Court disagrees.  The ALJ found that Plaintiff could only perform simple, unskilled work such as a fast-food worker or an assembler.  (AR 13, 17-18.)  These positions do not require an employee to understand and remember detailed instructions or complex procedures, which are the more mild limitations expressed by Drs. Hanze and Benson.  The ALJ's failure to specifically discuss each of these doctors' opinions is not error.  *See Barber v. Astrue*, 431 F. App'x 709, 712 (10th Cir. 2011) (where medical provider's opinions are ultimately included in RFC, ALJ has no duty to explain how she weighed the opinion).  Accordingly, the Court rejects Plaintiff's contention that the RFC failed to properly account for Plaintiff's mental impairment.

## E.    Weighing of Medical Opinions

Plaintiff argues that the ALJ erred in failing to properly weigh medical opinions provided by Drs. Campbell and Patterson.

In fashioning an RFC, the Commissioner is required to consider all relevant medical opinions.  20 C.F.R. § 404.1527(d).  "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis, what [claimant] can still do despite impairment(s), and [claimant's] physical or mental restrictions."  20 C.F.R. § 404.1527(a)(2).  The Commissioner must weigh all of the following factors in deciding

9

the weight to give each proffered medical opinion:  (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id.*, § 404.1527(d); *see also Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001).  However, the ALJ need not expressly address each of these factors.  *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

After considering the requisite factors, the administrative law judge must "give good reasons" for the weight ultimately assigned to the opinion.  20 C.F.R. § 404.1527(d)(2).  "Finally, if the [administrative law judge] rejects the opinion completely, he must then give specific, legitimate reasons for doing so."  *Watkins v. Barnhart*, 350 F.3d 1300, 1301 (10th Cir. 2003) (internal quotation marks omitted).

Plaintiff contends that the ALJ erred by giving "little, if any, weight" to the form completed by Dr. Patterson which showed that Plaintiff had some areas of marked impairment.  (Pl.'s Br. at 16-18.)  The Court disagrees.  The ALJ stated that she was discounting the weight attributed to Dr. Patterson's form because the limitations contained therein were inconsistent with Dr. Patterson's more detailed narrative report. (AR at 15.)  The Tenth Circuit has held that this is a proper reason for rejecting a medical opinion.  *White v. Barnhart*, 287 F.3d 903, 907-08 (10th Cir. 2002).

Plaintiff also argues that the ALJ erred by substituting her lay opinion for that of

10

Dr. Patterson.  (Pl.'s Br. at 19.)  However, there is no indication that the ALJ did this.

There was conflicting evidence in the record about the severity of Plaintiff's mental

impairment and the fact that the ALJ credited some medical opinions over others is not

error.  Moreover, as discussed above, the ALJ gave explicit reasons for discounting the

impairments listed by Dr. Patterson and, therefore, Plaintiff has failed to show any

error.[2]  *Doyal*, 331 F.3d at 764 (affirming decision to give little weight to non-treating

physician based on inconsistency of opinion with the record as a whole).

Finally, Plaintiff contends that the ALJ erred by giving "little, if any, weight" to the

medical restrictions recommended by Dr. Campbell.  Having reviewed the record, the

Court sees no error here.  The ALJ found that Dr. Campbell's opinions "were based

largely upon claimant's self-reports and were not consistent with the longitudinal

record."  (AR at 16.)  The ALJ also noted that Dr. Campell's assessment "was

unsupported by treatment notes and, in fact was contrary to other treating and

examining providers."  Plaintiff takes issue only with the ALJ's finding regarding the fact

that Dr. Campbell's opinions were primarily based on Plaintiff's self-reporting.  (Pl.'s

Reply Br. at 23.)  Even if the Court assumes that the ALJ got it wrong in this respect

and Dr. Campbell's opinion was not based on Plaintiff's self-reporting, the ALJ gave two

alternate reasons for giving Dr. Campbell's opinion little weight.  (AR at 16.)  Having

reviewed the record, the Court concludes that there is substantial evidence to support

the ALJ's finding that Dr. Campbell's assessment was unsupported by treatment notes

and contrary to other treating and examining providers.  As such, the ALJ's decision to

---

[2]  The Court notes that Dr. Patterson is not considered a "treating source" for purposes of 20 C.F.R. § 404.1527(c)(2).

not give Dr. Campbell's medical opinion significant weight is not error.  *Doyle*, 331 F.3d at 764.

## IV.  CONCLUSION

For the reasons set forth above, the ALJ's denial of benefits is AFFIRMED.

Dated this 26th day of December, 2012.

BY THE COURT:

William J. Martinez
United States District Judge